Mr. Mike Hutchens, County Administrator Faulkner County Courthouse 801 Locust Street Conway, Arkansas 72034
Dear Mr. Hutchens:
I am writing in response to your request for approval of an interlocal agreement between Faulkner and Van Buren Counties concerning the creation of a regional library system. You reference A.C.A. § 14-14-910 in this regard, and ask that I review the agreement and "determine whether [it] is in proper form and . . . compatible with the laws of the State of Arkansas."
RESPONSE
I must conclude that my approval of this interlocal agreement is not necessary. Submission to "legal counsel," however, is required by A.C.A. § 14-14-910(d).
You seek my approval of the agreement "[i]n accordance with A.C.A. § 14-14-910." Although the text of the agreement does not reference this statute, it indicates that it is "made pursuant to Act 742 of 1977." Section 14-14-910 was a part of this Act. See
Acts 1977, No. 742, § 90. I must note that agreements made pursuant to A.C.A. § 14-14-910 do not require my approval unless the State or a state agency is a party to the agreement. See
A.C.A. § 14-14-910 (e).
As I noted in Op. Att'y. Gen. 2004-182:
 This . . . statute, which is a part of the "County Government Code," authorizes counties to enter into "interlocal agreements," and provides at subsection (d) for the submission of such agreements to "legal counsel." The statute requires the approval of such "legal counsel" prior to and as a condition precedent to the final adoption and performance of the agreement. Subsection (e) of the same statute requires my approval with respect to any such agreement made by a county which "includ[es] a state or a state agency. . . ." Consequently, interlocal agreements that are entered into under the authority of A.C.A. § 14-14-910 are not required to be submitted to the Attorney General for approval, unless a state or a state agency is a party to the agreement. Accord Op. Att'y Gen. 1996-274. This is in contrast to A.C.A. § 25-20-104, which requires the Attorney General's approval of all agreements entered into under the provisions of A.C.A. § 25-20-101 et seq.
Id. at 1-2.
It does not appear that the state or a state agency is a party to the agreement at issue. Although the agreement at § VIII references "State Aid" to which the parties are entitled and includes provisions requiring the "direct deposit" of the "State Aid check"[1] into the System account, I cannot conclude that this reference triggers the requirement of Attorney General approval of the agreement, where neither the State nor a state agency is a party to the agreement. See e.g., Ops. Att'y. Gen.1996-156 (Attorney General approval unnecessary where agreement mentioned a grant application with the Arkansas Department of Health, Bureau of Alcohol and Drug Abuse Prevention, but where Department of Health was not a party to the Agreement); and 1993-298 (Attorney General approval not required of agreement mentioning an existing lease agreement between Jefferson County and the Arkansas Department of Correction where the state was not included in the Agreement). See also, Ops. Att'y. Gen.2004-182; 2001-235; 1997-197; 1996-274; 1994-046; 1993-018; and 1993-134 (each requiring the State to be a party to the agreement before the requirement of Attorney General approval is triggered under A.C.A. § 14-14-910).
I must therefore conclude that my approval of this particular agreement is unnecessary. Submission to "legal counsel," however, is required by A.C.A. § 14-14-901 (d), which provides as follows:
 (d) Submission to Legal Counsel. Every agreement made shall, prior to and as a condition precedent to its final adoption and performance, be submitted to legal counsel who shall determine whether the agreement is in proper form and compatible with all applicable laws. The legal counsel shall approve any agreement submitted to him unless he finds it does not meet the conditions set forth in this section. Then he shall detail in writing addressed to the governing bodies of the public agencies concerned the specific respects in which the proposed agreement fails to meet the requirements of law. Failure to disapprove an agreement within thirty (30) days of its submission shall constitute approval.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
Enclosure
[1] I have attached a copy of Op. Att'y. Gen. 1999-251 in this regard addressing the receipt and deposit of "State Aid" by county libraries.